MANEY *v.* LAMPHERE.

LANDLORD AND TENANT—TRESPASS BY LANDLORD—ACTION—RE-
   COVERY BY TENANT.

   A landlord is liable in trespass to his tenant, where, during the
   tenant's absence from the premises, he enters without the
   tenant's consent, moves the house, and erects another in its
   place.

Error to Wayne; Donovan, J.  Submitted January 19,
1905.  (Docket No. 87.)  Decided March 21, 1905.

Trespass quare clausum fregit by Lillie Maney against
Leman B. Lamphere and Helen Lamphere.  There was
judgment for defendant on a verdict directed by the court,
and plaintiff brings error.  Reversed.

*F. C. Moriarty* and *Lehman & Riggs*, for appellant.

*Bowen, Douglas, Whiting & Murfin*, for appellee.

MCALVAY, J.  The record in this case does not give
this court a very clear idea of the bearing of all that trans-
pired in the circuit court upon the issue before that court.
From the testimony, which is all returned, the following
facts appear:  Plaintiff, on the 12th day of July, 1902, at
the township of Redford, in Wayne county, was, with her
family, consisting of her father and her two children, in
the lawful and peaceable possession and occupancy of a
little house, used by her as a dwelling house.  This house
was situated on the Waterford road, in said town-
ship, on certain land over which defendant Leman B.
Lamphere exercised control either as owner or agent for
the owner, and who had rented the premises to plaintiff
for $5 per month, agreeing to make necessary repairs,
raising the monthly rent from $2.50, the price formerly
paid him.  The agreement to rent also included land around

the house for a garden.   It did not appear who owned the premises, but the proofs indicated that they belonged to the estate of defendant Helen Lamphere's father, and that she claimed some interest in them.    There is no dispute in the case, but that the relation of landlord and tenant existed between plaintiff and defendant Leman B. Lamphere.

On July 12, 1902, defendant Leman B. Lamphere, without authority of law or consent of plaintiff, as far as this record discloses, and while plaintiff was away from home, by his men and team entered upon these premises, put the dwelling house upon rollers, and with rope and capstan moved the same off for a distance of about 10 rods, and afterwards dug a cellar and built a house for himself and the other defendant, his wife, on the place where the old house stood.    While the house was being moved, plaintiff returned home to her family, and occupied the house from that time to October, 1902.   Plaintiff brought this action of trespass against defendants for damages claimed to have been sustained by her by reason of moving her house, trampling down and destroying her garden, tearing down her henhouse, and for damage to her household furniture and wearing apparel, caused by rain coming in through openings made in moving the building, and other injuries complained of.   An issue was joined upon proper pleadings.   Upon the trial before a jury sufficient proof was offered by plaintiff and admitted in evidence to entitle her to have the same submitted to the jury for its consideration and determination.   This was accordingly done under the charge of the court.   The jury retired in custody of an officer at about 10:30 o'clock a. m. to deliberate upon their virdict.   The bill of exceptions shows that afterwards, and while the jury were out, the following occurred:

" At about 1 o'clock p. m. the court instructed Charles Benoit, deputy clerk of said court, that, if the jury did not agree by 3 o'clock p. m., to direct a verdict for defendant, and discharge the jury.   This was done at 3 p. m., as directed, to which plaintiff duly excepted."

From a judgment entered upon this verdict in favor of defendants against plaintiff, the plaintiff appeals to this court.

Several errors are assigned upon exceptions taken during the course of the trial and to the charge of the court to the jury.  As this judgment must be reversed upon other grounds, and as in all probability upon a new trial the record will more clearly disclose the questions raised, we do not deem it necessary to consider them.

Error is alleged, founded upon the action of the trial judge in instructing the deputy clerk that, if the jury did not agree by 3 o'clock, to direct a verdict for defendants, and discharge the jury.   Without discussing at this time the propriety of delegating to the clerk the authority to direct a verdict of a jury if it did not agree by a certain time, we hold that in this case it would have been error had the judge himself directed such a verdict.    Upon this record the plaintiff was entitled to a verdict, and the only question for the jury to determine was the amount of damages.

The judgment is reversed, with costs to plaintiff, and a new trial ordered.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.